Jones Reply [illegible]
MOT. SET ASIDE DEFAULT

5

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

**SAMUEL R. JONES,**

Plaintiff,

Case No. 4:26-cv-11496

Hon. F. Kay Behm

Mag. Judge David R. Grand

v.

**CITY OF DETROIT;**

**TODD A. BETTISON, Chief of Police, in his official capacity;**

**OFFICER JESSICA DELAGARZA, individually;**

**OFFICER BRANDON KLANKE, individually;**

**OFFICER A. REBECCA, BADGE NO. 4398, individually;**

**OFFICER Z. MELENDEZ, BADGE NO. 3048, individually;**

**OFFICER UNKNOWN NICHOLAE, individually;**

**OFFICER UNKNOWN HUGHES, BADGE NO. 445;*

**OFFICER UNKNOWN KING, individually;**

**Et al, individually;**

**ADDITIONAL UNKNOWN DETROIT POLICE OFFICERS INVOLVED IN THE SEPTEMBER 24, 2026 AND OCTOBER 29, 2026 INCIDENT,**

Defendants,

______________________________________/

FILED
CLERK'S OFFICE
NOV 2 3 2026
U.S DISTRICT COURT
EASTERN MICHIGAN

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS JESSICA DELAGARZA'S AND BRANDON KLANKE'S MOTIONS TO SET ASIDE ENTRY OF DEFAULT (ECF NOS. 33 AND 34)

Plaintiff **Samuel R. Jones**, proceeding *pro se*, submits this Response in Opposition to Defendants **Jessica Delagarza's (ECF No. 33)** and **Brandon Klanke's (ECF No. 34)** Motions to Set Aside Clerk's Entries of Default (**ECF Nos. 17 and 18**), filed pursuant to this Court's Order directing a response before December 7, 2026:

## I. PRELIMINARY OBJECTION: NON-SERVICE OF ECF NOS. 33 AND 34

1. Plaintiff submits this Response under protest and strictly to preserve his rights prior to the Court's December 7, 2026 deadline, as defense counsel **Calvert Bailey** never served Plaintiff with copies of **ECF No. 33** or **ECF No. 34** in violation of **Fed. R. Civ. P. 5(a)(1)(D)**. Plaintiff expressly reserves the right to supplement this Response once defense counsel complies with Rule 5 and serves the moving papers and exhibits upon Plaintiff.

## II. PROCEDURAL BACKGROUND AND UNEXPLAINED DELAY

2. On **June 23, 2026**, this Court issued Summonses for Defendants **Jessica Delagarza** and **Brandon Klanke** (**ECF No. 9**) upon Plaintiff's First Amended Complaint (**ECF No. 8**).
3. On **July 1, 2026**, non-party process server **Tracy Carlisle** personally served separate copies of the Summonses and First Amended Complaint upon Defendants **Jessica Delagarza** and **Brandon Klanke**, each individually, at the Detroit Police Department 9th Precinct, **11187 Gratiot Ave., Detroit, MI 48213** (**ECF No. 15**; see also **Amended Declaration of Service**, attached hereto as **Exhibit A**).
4. Defendants' Answers were due on **July 22, 2026** (**ECF No. 15**). Neither Defendant appeared, answered, or moved for an extension of time.
5. On **August 4, 2026**, the Clerk of the Court properly entered Defaults against both **Jessica Delagarza (ECF No. 17)** and **Brandon Klanke (ECF No. 18)**. On **August 12, 2026**, Plaintiff filed his Motion for Default Judgment (**ECF No. 19**).
6. Although the City of Detroit Law Department (through Assistant Corporation Counsel **Calvert Bailey**) formally appeared in this exact lawsuit on **September 29, 2026** (**ECF No. 29**), Defendants Delagarza and Klanke took **no action whatsoever** for more than **three (3) months** after default was entered—waiting until **November 11, 2026** (just six days before the November 17, 2026 default-

judgment hearing) to file **ECF Nos. 33 and 34**, and failing even then to serve Plaintiff.

## III. LEGAL STANDARD UNDER FED. R. CIV. P. 55(c)

7. Under **Federal Rule of Civil Procedure 55(c)**, the party seeking to set aside an entry of default bears the affirmative burden of demonstrating **"good cause."** In the Sixth Circuit, courts evaluate three mandatory factors established in *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983):
    - **(1)** Whether the default was willful (i.e., whether the defendant's culpable conduct led to the default);
    - **(2)** Whether the defendant has a meritorious defense; and
    - **(3)** Whether the plaintiff will be prejudiced if the default is set aside. *See also Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 192 (6th Cir. 1986); *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).* Where a defendant fails to establish good cause or acts with reckless disregard for court rules and deadlines, a motion to set aside default should be denied.

## IV. ARGUMENT: DEFENDANTS FAIL TO ESTABLISH GOOD CAUSE

### A. Valid Personal Service Was Completed on July 1, 2026 (Exhibit A)

8. To the extent Defendants Delagarza and Klanke challenge service of process based on a clerical date typo in the original return (**ECF No. 15**, which inadvertently wrote "May 6, 2026" instead of "July 1, 2026"), any such challenge fails as a matter of law.
9. Under **Federal Rule of Civil Procedure 4(l)(3)**, *"Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended."* Under binding Sixth Circuit precedent, *"it is the fact of service, rather than the proof of service, that gives the court jurisdiction." O.J. Distributing, Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155–56 (6th Cir. 1991).
10. As confirmed in the **Amended Declaration of Service** executed by process server **Tracy Carlisle** pursuant to **28 U.S.C. § 1746** (**Exhibit A**), both officers were personally handed their respective Summonses and Amended Complaints on **July 1, 2026**—well within the 90-day service window of **Fed. R. Civ. P. 4(m)**. Moreover, Plaintiff's subsequent courtroom waiver of technical service objections was intended to prevent future service delays across all parties, not to

excuse Defendants' three-month disregard of valid personal service or defense counsel's failure to serve motions under Rule 5.

### B. Defendants' Three-Month Delay and Failure to Serve Motions Demonstrates Culpable Conduct

11. Defendants cannot claim excusable neglect or lack of notice. Both officers were personally served at their precinct on **July 1, 2026** (**Exhibit A**), received centralized court mailings of the Clerk's Entries of Default on **August 4, 2026** (**ECF Nos. 17 & 18**), and were represented by the same City of Detroit Law Department that entered an appearance in this case on **September 29, 2026** (**ECF No. 29**).
12. Waiting until **November 11, 2026**—99 days after default was entered and six days before the hearing—and then failing to serve Plaintiff with **ECF Nos. 33 and 34** reflects a pattern of disregard for the Federal Rules of Civil Procedure rather than an honest mistake.

### C. Setting Aside Default Without Conditions Severely Prejudices Plaintiff

13. Setting aside the defaults after Defendants ignored this lawsuit for over four months—while defense counsel simultaneously withholds copies of **ECF Nos. 33 and 34** from a *pro se* plaintiff—rewards procedural gamesmanship, delays discovery into the identities and conduct of involved officers, and forces Plaintiff to litigate blind.
14. In the alternative, should the Court incline toward deciding the claims against Delagarza and Klanke on the merits pursuant to Sixth Circuit policy, Plaintiff respectfully requests that any relief under Rule 55(c) be conditioned upon: **(i)** defense counsel immediately serving all unserved filings (**ECF Nos. 33, 34, and 35**) upon Plaintiff; **(ii)** Defendants filing a responsive pleading within **seven (7) days** without further delay; and **(iii)** preserving Plaintiff's right to file a supplemental response once served.

## V. CONCLUSION AND RELIEF REQUESTED

**WHEREFORE**, Plaintiff **Samuel R. Jones** respectfully requests that this Court **DENY** Defendants Jessica Delagarza's and Brandon Klanke's Motions to Set Aside Entry of Default (**ECF Nos. 33 and 34**), or, in the alternative, defer ruling until defense counsel serves **ECF Nos. 33 and 34** upon Plaintiff in compliance with **Fed. R. Civ. P. 5(a)(1)(D)** and grants Plaintiff twenty-one (21) days from actual service to file a supplemental response.

Samuel Jones
12854 Hickory St
Detroit, MI 48228
11/23/26

Respectfully submitted,

Dated: **November 23, 2026**

**Samuel R. Jones**, *Pro Se* Plaintiff

Samuel Jones
12854 Hickory St
Detroit, MI 48205
11/23/26